## DANIEL McLEOD *vs.* GARDNER JONES.

The plaintiff gave a bill of sale and a mortgage of furniture in his dwelling-house to the defendant; but the furniture remained in the plaintiff's custody, and he removed it to another dwelling-house, and some time afterwards went away, leaving the house locked, with the furniture in it; and the defendant unlocked and entered the house, and took away the furniture. *Held*, that in the absence of proof of any license from the plaint.ff, express or implied, the entry was a trespass, although the defendant believed and had reasonable cause to believe that the plaintiff did not mean to return.

TORT for forcibly entering the plaintiff's close in Taunton, and removing and converting to the defendant's use household furniture found therein.

At the trial in the superior court, before *Pitman*, J., property in and possession of the close (which was the upper story of a house) by the plaintiff were admitted; and the plaintiff introduced evidence to show that he had hired and occupied the premises as a residence and dwelling for himself and his wife and two children, about two years, when in September 1868 he took them on a visit to Fall River, and he himself went to New York on a visit to his father; that he intended to return to Taunton in about four weeks, but for various reasons changed his original design and ceased to reside in Taunton; that three or four days after he went away, " leaving his furniture and household goods in the same state as he used them for housekeeping purposes, and the doors of his tenement locked," the defendant went to the house with a key that would fit the door, unlocked and entered the tenement, and took and carried away the furniture.

It appeared " that the plaintiff, while living in Providence, had given to the defendant a bill of sale of a part or the whole of the articles of furniture, and had subsequently brought them with him to Taunton; and that the plaintiff had formerly given to the defendant a mortgage of certain goods owned and used by the plaintiff in his shop, some of which goods the plaintiff testified that he subsequently carried to his house, and were among the goods taken by the defendant."

The defendant claimed all the articles taken by him, under the bill of sale and mortgage, and contended that, from the circumstances proved, he had a right to believe that at the time of the

entry the plaintiff did not intend to return to Taunton; and he asked the judge to rule that "if the plaintiff had left the city with his family, leaving household furniture, the defendant's property, in his last place of residence in the city, a hired tenement, and the defendant, having reasonable cause to believe, and believing, that the plaintiff and family did not intend to return, entered said residence in a quiet and peaceable manner and took away his goods, causing no other disturbance than was necessary in order to get the same, he would not be liable in this action." The judge refused so to rule; and ruled that "if the defendant entered the plaintiff's dwelling-house in the manner shown by the plaintiff's evidence above reported, and carried away the goods as shown by the plaintiff's evidence, he would be liable in this action for a forcible entry, although he went there to get his own property; and that the defendant would have no right to enter the same in such a manner, and for such a purpose, without some license or permission from the plaintiff, express or implied, other than the mere fact that his goods were in said premises under the circumstances before stated." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. H. Bennett & W. H. Fox*, for the defendant.

*J. Brown*, for the plaintiff.

WELLS, J. The defendant was liable as a trespasser for entering the plaintiff's close, unless he can justify his entry by some legal right, or by some license or permission so to do. The plaintiff's absence will not excuse him. Reasonable cause to believe, and actual belief that the plaintiff and his family did not intend to return, are no defence. The only question is, whether the ruling of the court below was correct, that "the mere fact that his goods were in said premises under the circumstances stated" did not furnish a sufficient ground from which a license, permission or legal right could be inferred.

In the decision of this question, we must assume that the detendant's claim would have been sustained, that his title, as mortgagee of all the property taken away by him, was valid, and his mortgage debt unpaid. He had a right then to the possession of the property which he took.

But the possession of the plaintiff, as mortgagor, was not wrongful. The goods were rightfully upon his premises. There is nothing to show that the terms of the mortgage, or bill of sale, under which the defendant claimed them, gave him any special authority to enter for the purpose of recovering the property, in any event; nor that the removal of the goods from the shop to the house, or from Providence to Taunton, was inconsistent with the rights of the mortgagee, or against his wishes. The removal from Providence was about two years before the time of this entry.

The goods then were rightfully in the custody of the plaintiff, and within his close. The defendant was the owner of the legal title, with a present right of possession. Does that alone justify him in a breach of the plaintiff's close? A majority of the court are of opinion that it does not.

One whose goods are stolen, or otherwise illegally taken from him, may pursue and retake them wherever they may be found. No one can deprive him of this right, by wrongfully placing them upon his own close. *Patrick* v. *Colerick*, 3 M. & W. 483. *Webb* v. *Beavan*, 6 M. & G. 1055, and note. Com. Dig. Trespass D, citing 2 Rol. Ab. 565, 1. 54. Bac. Ab. Trespass F, 1. But if they are deposited upon the land of another, who is not a participant in the wrongful taking, the owner cannot enter upon his land to retake them; unless in case of theft, and fresh pursuit. 20 Vin. Ab. 506, Trespass H, a. 2, pl. 4, 5. So, from the necessity of the case, one whose cattle escape upon the land of another may follow and drive them back, without being a trespasser, unless the escape itself was a trespass. Com. Dig. Trespass D, citing 2 Rol. Ab. 565, 1. 35.

In these cases, the law gives the party a right to enter for that particular purpose.

In other cases a right or license to enter upon land results, or may be inferred, from the contracts of the parties in relation to personalty. Permission to keep, or the right to have one's personal property upon the land of another, involves the right to enter for its removal. *Doty* v. *Gorham*, 5 Pick. 487. Bac. Ab. Trespass F, 1. *White* v. *Elwell*, 48 Maine, 360.

A sale of chattels, which are at the time upon the land of the seller, will authorize an entry upon the land to remove them, if, by the express or implied terms of the sale, that is the place where the purchaser is to take them. *Wood* v. *Manley*, 11 Ad. & El. 34. *Nettleton* v. *Sikes*, 8 Met. 34. *Giles* v. *Simonds*, 15 Gray, 441. *Drake* v. *Wells*, 11 Allen, 141. *McNeal* v. *Emerson*, 15 Gray, 384.

A license is implied, because it is necessary in order to carry the sale into complete effect; and is therefore presumed to have been in contemplation of the parties. It forms a part of the contract of sale. The seller cannot deprive the purchaser of his property, or drive him to an action for its recovery, by withdrawing his implied permission to come and take it. This proposition does not apply, of course, to a case where a severance from the realty is necessary to convert the subject of the sale into personalty, and the revocation is made before such severance.

But there is no such inference to be drawn, when the property, at the time of sale, is not upon the seller's premises; or when, by the terms of the contract, it is to be delivered elsewhere. And when there is nothing executory or incomplete between the parties in respect to the property, and there is no relation of contract between them affecting it, except what results from the facts of ownership or legal title in one, and possession in the other, no inference of a license to enter upon lands for the recovery of the property can be drawn from that relation alone. 20 Vin. Ab. 508, Trespass H, a. 2, pl. 18. *Anthony* v. *Haneys*, 8 Bing. 186. *Williams* v. *Morris*, 8 M. & W. 488.

We think the authorities cited illustrate and establish these distinctions.

It is said in Com. Dig. Trespass D, citing 2 Rol. Ab. 566, l. 30, that I may not enter lands "for retaking goods, which he, who holds them in common with me, put there; for though a tenant in common may retake goods in common, when the other takes them, yet he cannot justify a trespass to do it."

In *Wood* v. *Manley*, 11 Ad. & El. 34, where the doctrine that a sale of goods, to be taken on the premises of the seller, gives a license to the purchaser to enter and take them, is laid down, it

is guarded by the remark of Patteson, J., "I do not say that a mere purchase will give a license."

In Bac. Ab. Trespass F, 1, it is said : "But if J. S. have commanded A. to deliver a beast to J. N. and J. N. go into the close of J. S. to receive the beast, the action does lie; for, as the beast might have been delivered at the gate of the close, the going of J. N. thereinto is not necessary."

In the note to *Webb* v. *Beavan*, 6 M. & G. 1055, is a citation from the year books, 9 Edw. IV. 35, in which Littleton, J., after laying down the doctrine that a man may enter the close of another to retake his own goods wrongfully put there, is reported to have said : "But it is otherwise if I bail goods to a man. I cannot enter his house and take the goods, for they did not come there by wrong, but by the act of us both."

It is by the act of both, that goods, upon which the defendant had only a chattel mortgage, leaving the possession rightfully with the plaintiff, were in the plaintiff's house. In 20 Vin. Ab. 507, Trespass H, a. 2, pl. 12, it is said : "If a man takes my goods and puts them upon his land, I may enter and retake them. Contrary upon bailment of goods," citing the above authority of Littleton. A note contains the following : "When a man bails goods to another to keep, it is not lawful for him, though the doors are open, to enter into the house of the bailee and to take the goods, but ought to demand them ; and if they are denied, to bring writ of detinue, and to obtain them by law," citing Bro. Ab. Trespass, pl. 208, and 21 Hen. VII. 13. A right to enter the premises of the mortgagor, without legal process, is not essential to the security of the mortgagee of personal property. Permission to do so is not implied, therefore, from the existence of that relation alone. If there was anything in the form of the mortgage or bill of sale, or in the nature and circumstances of the plaintiff's possession of the property, which gave the defendant a right to seek it within the close of the plaintiff, where it had been deposited since the date of the mortgage or bill of sale, it should have been made to appear. The burden was upon the defendant to establish the special right which he set up in justification of his entry  At the trial, he based his right to enter,

solely upon his title to the personal property, and the supposed abandonment of the premises by the plaintiff; and asked the court to rule that that was sufficient. The court held it to be insufficient "without some license or permission from the plaintiff, express or implied." The defendant does not show that there was anything in the terms of his bill of sale or mortgage, or in the situation of the property at the time it was made, or in the circumstances of the plaintiff's possession at the time of the entry, from which such license or permission could be implied; and he asked no instructions upon the evidence, upon that point, if any existed at the trial.

In *McNeal* v. *Emerson*, 15 Gray, 384, the property mortgaged was furniture, which remained in the same situation as when the mortgage was made, and the circumstances left the case in the same position substantially as a sale of personal property to be removed by the purchaser.

In the case of *Heath* v. *Randall*, 4 Cush. 195, the jury must have found, under the instructions given them, that the contract was that the defendant had a right to take the property away any day until paid for; which was plainly understood to mean a right to take it from the premises of the bailee. It is to be observed also, that in that case the question pressed in the argument, and to which the discussion by the court was mainly directed, was that of the right to terminate the bailment without demand of the balance due upon the conditional purchase; the right of entry upon the plaintiff's close being considered only incidentally.

A majority of the court are of opinion that the facts reported in this case are not sufficient to sustain the justification relied on by the defendant, and that the instructions upon that point were correct. If the defendant established his title to the property taken away, he would of course be liable only for such injury as he did to the plaintiff's house. But no question appears to be raised as to the measure of damages, and we are to presume that proper instructions upon that point were given.

*Exceptions overruled.*