## HENRY W. SALISBURY *vs.* WILLIAM GREEN.

A horse was transferred by B. to C. under an agreement to sell, again transferred by C. to D., and purchased from D. by E.    B. some time afterwards broke and entered E.'s close and took the horse without E.'s consent.

*Held*, that B. had no justification against trespass *quare clausum* brought by E.    He could not show a wrongful taking of property from the owner's possession together with fresh pursuit such as would warrant forcible recaption.

PLAINTIFF'S petition for a new trial.

This action was trespass *quare clausum fregit* for breaking and entering the plaintiff's close and taking therefrom a horse.    It was brought in the District Court of the Sixth Judicial District, and taken by the defendant's appeal to the Court of Common Pleas. After verdict for the defendant in the latter court the plaintiff filed this petition.

*June* 25, 1892.    PER CURIAM.    At the trial of this case in the Court of Common Pleas, the plaintiff requested the court to charge the jury " that, if the defendant entered upon the premises of the plaintiff without the permission of the plaintiff, then the plaintiff is entitled to a verdict."    The court refused this request and charged the jury " that the defendant had a right to enter upon the plaintiff's premises to get possession of and recover his property, using no more force than was necessary, and committing no breach of the peace."    We think this was error.    The horse in question was, and for some time previous had been, in the peaceable possession of the plaintiff, under a claim of right, and hence the defendant, although claiming that the horse was his, was not warranted in entering upon the plaintiff's premises without his

permission, and taking forcible possession thereof, against the will of the plaintiff. For, even if the defendant was in fact the legal owner of the horse, coupled with a present right of possession, that alone did not justify him in a breach of the plaintiff's close. If the horse had been stolen or otherwise illegally taken from the defendant, it is stating it within the established rule to hold that he would have a right to pursue and retake it wherever it might be found, provided he could do so without a breach of the peace. See Cooley on Torts, 50, Tit. RECAPTION OR REPRISAL. In this case, however, it appears that the defendant, some time previous to the occurrence in question, had delivered possession of said horse to one Whitfield Dyer, under an agreement to sell it to him, and that said Dyer's father had exchanged said horse for another with a third person, from whom the plaintiff bought it. The wrongful taking of the property from the possession of the owner, therefore, together with the fresh pursuit which must appear in order to warrant the recaption thereof by force, was not shown in this case. See *Kirby* v. *Foster*, *ante*, p. 437; *McLeod* v. *Jones*, 105 Mass. 403. As there must be a new trial of the case, for the reason above given, it becomes unnecessary for us to decide whether or not the verdict was against the evidence.

*Petition for new trial granted.*

*Charles H. Page & Franklin P. Owen*, for plaintiff.

*George T. Brown*, for defendant.