(8 App. Div. 454)
MADDEN v. BROWN.

(Supreme Court, Appellate Division, Fourth Department.  July 30, 1896.)

TRESPASS—DEF`NSES—RECAPTION OF GOODS.
    A person has the right to retake his goods from the dwelling of another
    who has wrongfully taken possession of them, provided he enters peacea-
    bly, and does not commit a breach of the peace, or use unnecessary force.

Appeal from trial term, Onondaga county.

Action by George Madden against Clarence G. Brown.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals.  Reversed.

This action was begun March 19, 1895, to recover damages for an alleged trespass in entering, December 19, 1894, the plaintiff's dwelling, injuring the furniture, pictures, and ornaments therein, and wrongfully carrying away a drafting board and supports thereof and two squares.  It is alleged that this trespass was committed by the defendant personally, aided by several men acting under his direction; that he moved the furniture and the contents of the house about, leaving it in great confusion; and that the conduct of the defendant and his assistants was violent and disorderly. The defendant, in his answer, set up two defenses: (1) A general denial. (2) That December 19, 1894, a search warrant was issued by the court of special sessions of the city of Syracuse, directed to. an officer of said city, commanding him to search for certain personal property of the defendant which had been taken and carried away from his premises; that on that date an officer, accompanied by the defendant, searched the plaintiff's dwelling, pursuant to the command of the warrant, and carried away certain articles of the defendant's property found in the dwelling; that the defendant did nothing except to identify his property; and that the search was conducted in a proper manner.  The jury rendered a verdict for $1,000. The defendant moved on the minutes for a new trial, on all the grounds specified in section 999 of the Code of Civil Procedure, which motion was granted, unless the plaintiff stipulated to reduce the damages to $500, and, in case the stipulation was given, the motion was denied.  The stipulation was given, and the judgment entered for $500 damages and $91.41 costs.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and GREEN, JJ.

Frank Hopkins, for appellant.
Ceylon H. Lewis, for respondent.

FOLLETT, J.  The defendant testified that he owned all the articles taken, and the plaintiff, who was sworn in his own behalf, did not testify that he had any title or right of possession to any of the articles.  The learned trial judge instructed the jury that the defendant had no right to enter the house and remove his property without the consent of the plaintiff or of his wife, to which instruction the defendant excepted.  The case was tried and submitted to the jury on the theory that, in case it was found that the defendant entered the house and removed his own property without the consent of the person in charge thereof, he committed a trespass, and was liable in damages therefor.  It is well settled that the owner of personal property, which has been wrongfully taken from him, does not commit a trespass by entering upon the realty of the wrongdoer, and taking his own property, unless he

commits a breach of the peace, or uses unnecessary force. Webb v. Beavan, 6 Man. & G. 1055; Patrick v. Colerick, 3 Mees. & W. 483; Blades v. Higgs, 10 C. B. (N. S.) 713; McLeod v. Jones, 105 Mass. 405. An examination of the text-books, under the title "Recaption," will disclose many authorities supporting this rule.

In Addison on Torts (3d Ed., p. 347) the rule is stated as follows:

"If A. has actual possession of a chattel. and B. takes it from him against his will, A. may use as much force as is necessary to defend his right, and enable him to retake the chattel; and if a chattel has been seized and carried away by a person who has no color of title to it, and the owner comes and demands it, and the trespasser refuses to give it up, the owner may use force sufficient to enable him to retake his property. A person, therefore, who has been robbed, is entitled to retake the stolen property wherever he can find it, provided the person in possession of it has not acquired a title to it by purchase in market overt, without notice of the robbery. He is not justified in committing an assault or a breach of the peace in order to possess himself of the property, unless he finds it in the hands of the thief or the felonious receiver."

Many cases to the same effect are cited in Moak, Underh. Torts, 359 et seq.; 19 Am. & Eng. Enc. Law, 1093; and in Pol. Torts, 313, tit. "Recaption."

The rule rests on the theory that, where a person places the goods of another upon his own premises, he gives to the owner of them an implied license to enter for the purpose of taking them. In McLeod v. Jones, supra, it was held that this rule extended to and covered cases where the goods had been taken in the first instance by permission. It was said:

"In other cases a right or license to enter upon land results or may be inferred from the contracts of the parties in relation to personalty. Permission to keep or the right to have one's personal property upon the land of another involves the right to enter for its removal."

In the case at bar it was conceded that all of the property, excepting the drafting board and its supports and one mirror plate, were taken by this plaintiff wrongfully, if not feloniously; and that, as to the drafting board and the mirror, he held them as the defendant's agent and for his use; and that the relation of master and servant, out of which the right of this use arose, which had once existed between them, had been terminated. It follows that, as to the property which had been feloniously or wrongfully taken from the defendant's possession, he had the right to use sufficient force to retake it from the dwelling of the wrongdoer, provided he entered peaceably, did not commit a breach of the peace, or use unnecessary force. As to the property which had been placed in the plaintiff's possession by the defendant's consent, the latter had the right to take it from the dwelling, and was not a trespasser in so doing, provided he entered peaceably, did not use force or commit a breach of the peace. The defendant entered the dwelling peaceably, and the evidence falls far short of showing that he committed a breach of the peace, or that he used any violence towards the wife of the plaintiff, who was in control of the house. It is testified that the defendant removed books, pictures, and articles of furniture from his own property, in order that he might retake it.

This was justifiable, and the fact that the articles were left standing on the floors of the house, and the rooms necessarily left in some confusion, did not render him liable in damages. If it be said that the defendant unnecessarily opened a trunk, and scattered about the rooms some of the correspondence of the plaintiff, it should be answered that the case was not sent to the jury upon the theory that he had a right to enter the house, and was liable only in case he committed unnecessary acts. The jury should have been asked to find whether the defendant committed any acts while in the house which were unnecessary and in excess of the authority conferred upon him by law. If he committed such acts, he was liable in trespass, and became a trespasser from the beginning, but he was not liable in damages for taking his own property, and the jury should have been so instructed. The jury found a verdict for $1,000 damages, which shows that they were influenced by passion or prejudice, or by the erroneous theory upon which the case was submitted. The damages were reduced to $500 by the learned trial judge, but we think that sum was excessive for the amount of damages sustained. The plaintiff gave no evidence tending to show that the damages inflicted amounted to $1; and how the plaintiff can be held to be entitled to recover $500 in such a case, in which he expressly disclaimed any right to recover punitive damages, and in a case in which it was conceded that the defendant did not act maliciously, is difficult to understand.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event. All concur.