PATRICK J. DONAHOE *vs.* PATRICK GILLON.

Worcester.    September 29, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Mortgage of Personal Property — Breach of Condition — Suffering Attachment of Property — Sale under Power — Conversion.*

A mortgage of personal property given to secure the mortgagee for his liability as indorser on certain notes contained a condition that the mortgagor should not suffer the property to be attached on mesne process, and also provided that, upon default in the performance or observance of the condition, the mortgagee might take immediate possession of and sell the property. When only one of the indorsed notes was outstanding, and before it became due, an attachment of the property was made for a debt due from the mortgagor, who allowed it to

remain for thirteen days without being dissolved, and other attachments were afterwards made for debts against him. The mortgagee then took possession of the property, and, after giving due notice, sold it under the power in his mortgage. *Held*, that the sale was not a wrongful conversion of the property.

TORT, for the conversion of certain personal property, consisting of the stock of goods, fixtures, and furniture of a drug store. Trial in the Superior Court, before *Gaskill*, J., who reported the case for the determination of this court, in substance as follows.

The plaintiff was the general owner of the property at the time of the alleged conversion.

On July 25, 1894, the plaintiff gave to the defendant a mortgage of the property, containing the condition that the mortgagor should pay all notes signed by him which had been indorsed by the mortgagee, " and until such payment shall not waste or destroy the said goods and chattels, nor suffer them or any part thereof to be attached on mesne process, and shall not, except with the consent in writing of the vendee, attempt to sell, . . . except in the usual course of trade, the same or any part thereof"; and also containing the following provisions : " But upon default in the performance or observance of the foregoing condition, the vendee may sell. . . . It is agreed that until default in the performance or observance of the foregoing condition, I may retain possession, . . . but after such default the vendee may take immediate possession."

At the time of the alleged conversion, there was only one note outstanding signed by the plaintiff and indorsed by the defendant. This note, which was for $1,400, was dated July 18, 1894, and was made payable six months after date.

This note had been discounted by the Milford National Bank at the time of the alleged conversion, and was then held by the bank.

Other notes of similar purport had been given by the plaintiff and indorsed by the defendant, all of which had matured prior to July 18, 1894, but no one of the notes had ever been protested. The several notes had been renewed from time to time, and the note of July 18 was the last and only note so signed and indorsed that had not been taken up by the plaintiff at the time of the alleged conversion.

Other chattel mortgages of earlier date had been given by the plaintiff to the defendant as collateral security for the indebtedness, the provisions of which were identical with the provisions above set out, and the mortgages had not been discharged on the record, and were given from time to time to cover property recently purchased.

On August 11, 1894, one Hale, to whom the plaintiff was indebted in the sum of about $50 for goods purchased, caused an attachment to be placed on the personal property in question, and the officer making the attachment appointed one Smith, a clerk of the plaintiff, as keeper of the goods, and the plaintiff then knew of the attachment. While the attachment remained on the property, namely, from August 11 to August 24, 1894, the debt was not paid by the plaintiff, and no bond was given to dissolve the attachment.

Subsequently to August 11, three other writs against the plaintiff were sued out and placed in the hands of the attaching officer, upon which he also attached the money then in his hands taken for the sale of goods attached by him on the first writ. He retained the money so received by him, and applied it in satisfaction of an execution subsequently issued against the plaintiff on the first writ, and in partial satisfaction of another execution against the plaintiff issued on another of the writs.

On August 24, by an arrangement between the defendant and the attaching creditor, the attachments upon the mortgaged goods were abandoned, and the defendant took possession of the property, claiming under his mortgage of July 25, 1894, and the preceding mortgages, and on September 6, 1894, he gave the plaintiff notice in writing that he had taken such possession, " and that for a breach of the conditions contained in said mortgage, and for the purpose of foreclosing the same, I shall sell at public auction under the power contained in said mortgage," on September 14, 1894, " all and singular the goods and chattels conveyed by said mortgage deed."

Like notices were at the same time given to the plaintiff by the defendant relating to each of the other mortgages.

Pursuant to a public notice of such sale, on September 14, 1894, the defendant sold the property by auction, and delivered the same to a purchaser, who was not the plaintiff.

Upon the foregoing facts, the plaintiff contended that there was no such breach of the condition of any of the mortgages as would authorize the defendant to take possession of the property and to sell the same under the power of sale; but the judge ruled otherwise, and directed the jury to return a verdict for the defendant. If the ruling was erroneous, the verdict was to be set aside and a new trial granted; otherwise, judgment was to be entered on the verdict.

*T. G. Kent & G. T. Dewey,* for the plaintiff.

*S. H. Tyng,* for the defendant, was not called upon.

KNOWLTON, J. The only question in this case is whether the sale of the goods by the defendant as mortgagee under the power of sale contained in his mortgage was a wrongful conversion of them.

It is a part of the condition expressed in the mortgage that the mortgagor shall not suffer the property or any part of it to be attached on mesne process, and the mortgagee is authorized, upon default in the performance or observance of the condition, to take immediate possession and to sell under his power. We need not consider whether, under possible circumstances, an attachment of the goods might be made which would not work a breach of the condition, for it appears that the first attachment in this case was upon a debt due from the mortgagor for goods purchased, and the attachment remained upon the property for thirteen days without being dissolved by the mortgagor, and other attachments were made upon debts against him before the mortgagee commenced proceedings. It is plain that the mortgagor suffered the property to be attached within the meaning of the language contained in the mortgage.

It is contended that the effect of this language, as interpreted and acted upon by the defendant, is to cut off the right of redemption, and that therefore, with this interpretation, it is repugnant to the law regulating the rights of mortgagees. Pub. Sts. c. 192, §§ 5, 6. But we are of opinion that it is a provision which might reasonably be inserted for the protection of the mortgagee. By the terms of the mortgage, the mortgagor has the right of possession until default, and the parties evidently intended to provide, as an inducement to the proper preservation of the property, and as a safeguard against the loss of his security by the mort-

gagee, that upon the waste or destruction of any part of the property, or an attempt to sell it by the mortgagor, or upon his suffering it to be attached, the mortgagee should at once be authorized to advertise it for sale by auction. The right of redemption would then continue until the sale, and it is unnecessary to consider what, under all conceivable circumstances, would constitute an offer to redeem sufficient to come within the statute, as the mortgagor in this case made no offer. Undoubtedly, if he had procured a discharge of the defendant from his liability on the note, that would have been a redemption. In what other ways, if any, he could have prevented the sale, in view of the fact that the note was not then due, we have no occasion to consider.

Even after a sale, if the note was not then due, doubtless the mortgagee, under the terms of the power, would hold the surplus of money above expenses as security for the payment of the note, and would be under an obligation either to appropriate it to the payment of the note, or to return it to the mortgagor if the payment was duly made by him. It is not contended that there was any failure properly to appropriate and account for the proceeds of the sale if the sale was authorized under the power, and we are of opinion that there was no error in the rulings at the trial.        *Judgment on the verdict.*