*A. E. Burr,* trustee, *pro se.*

---

## JOHN M. KENNEDY & another *vs.* E. GERTRUDE HOYT & another.

Suffolk.　January 8, 1908. — February 26, 1908.

Present: KNOWLTON, C. J., LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Election between counts. *Trespass. Mortgage,* Of personal property.

In an action of tort by a purchaser of personal property from a trustee in bankruptcy against one who held a chattel mortgage on the property, which he had attempted to foreclose after the adjudication in bankruptcy, there were two counts, the first in the nature of trover and the second in the nature of trespass *quare clausum fregit.* There was evidence that the plaintiff was in possession of the property, and had forbidden the defendant to enter his premises to take the property covered by the mortgage until he came with a writ of replevin, that the defendant came without such a writ, and, in removing a partition which he claimed under the mortgage, injured certain goods, and also took and carried away certain property which was not covered by the mortgage. The defendant excepted to a refusal of the judge to require the plaintiff to elect upon which count he would proceed. *Held,* that, assuming for the purpose of decision that the matter of election was one of right and not within the discretion of the presiding judge, as it probably was, the ruling of the judge was correct, because,

if the jury should find that the entry was lawful.but that some of the goods taken belonged to the plaintiff, the count in the nature of trover would be necessary, although, if the jury should find that the entry was unlawful, the plaintiff might recover additional damages for the conversion of these goods under the count in the nature of trespass *quare clausum,* under proper instructions not to duplicate damages.

A mortgagee of personal property, who has the right to the possession of the property on account of a breach of condition, has no right to enter the close of another person for the purpose of taking the property.

TORT against E. Gertrude Hoyt and Everett B. Henderson, the first count being in the nature of trover and the second count in the nature of trespass for a forcible entry. Writ in the Municipal Court of the City of Boston dated April 24, 1906.

On appeal to the Superior Court the case was tried before *Bell,* J. It appeared in evidence that the defendants were joint mortgagees in a mortgage given by one Torpey of personal property at 94 Blackstone Street in Boston, dated September 14, 1904, for $600, recorded in the city clerk's office in Boston and at the mortgagor's place of residence in Everett, and that Torpey, being unable to pay the mortgage note, delivered the keys of the store at No. 94 Blackstone Street to the defendant Henderson, who entered and took possession thereof.

On January 4, 1906, Torpey was adjudicated a bankrupt, the mortgage being then about three months overdue, and one Clark, who was appointed trustee of the estate of the bankrupt, executed a bill of sale of the personal property in the store to the plaintiffs. Before that time, however, the defendants had foreclosed the mortgage and purchased the property at the foreclosure sale, but this was after the petition in bankruptcy had been filed by Torpey. The plaintiffs denied the validity of the foreclosure proceedings. After the plaintiffs assumed possession, the defendant Henderson entered and removed the property from the premises. There was no question as to the validity of the mortgage.

The character of the evidence is indicated sufficiently in the opinion.

At the close of the evidence the judge ordered a verdict for the defendant Hoyt. The defendant Henderson asked the judge to order the plaintiffs to elect upon which count they would go to the jury. This the judge refused to do. The de-

fendant Henderson asked the judge to order a verdict for him, and also requested the following rulings which are referred to in the opinion as properly refused by the judge:

3. The defendants, having a right to enter and repossess themselves under their mortgage, may use such force as is necessary to recover possession, though in so doing they commit a breach of the peace.

4. The defendants, having obtained possession peaceably, are not trespassers, though opposed by the plaintiffs after such entry.

8. The defendants are liable only for nominal damages as to injury to the plaintiffs' business.

The judge ruled that there was evidence against the defendant Henderson on both of the counts. He ruled that there was no evidence which would justify him in finding that there was any valid sale of the property. The jury returned a verdict for the defendant Hoyt as ordered by the judge. Against the defendant Henderson they returned a verdict for the plaintiffs in the sum of $75 on the first count and in the sum of $35 on the second count. The defendant Henderson alleged exceptions.

*E. B. Callender & E. M. Shanley,* for the defendant Henderson, submitted a brief.

*H. W. Beal,* for the plaintiffs.

LORING, J. The jury were warranted in finding the following to be the facts in the matters on which there was a dispute in the case at bar.

The plaintiffs had forbidden the defendant Henderson to enter on the premises to take the property covered by the mortgage until he came with 'a writ of replevin. The defendant Henderson in removing the partition (assuming it to have been covered by the mortgage) negligently if not intentionally threw tea and coffee on the floor and trampled on them, thereby rendering them of no value. Some of the property taken by the defendant was not covered by the mortgage.

1. The request that the plaintiffs be required to elect would seem to be an appeal to the discretion of the presiding judge and not the subject of an exception. See *Carlton* v. *Pierce,* 1 Allen, 26 ; *Crafts* v. *Belden,* 99 Mass. 535. But passing that by, the ruling of the judge was right. If the plaintiffs proved

that some of the goods taken away were theirs, and failed to prove that the entry was unlawful, the count in trover was necessary, *Ropps* v. *Barker*, 4 Pick. 239, *Eames* v. *Prentice*, 8 Cush. 337, *Merriam* v. *Willis*, 10 Allen, 118, *Beers* v. *McGinnis*, 191 Mass. 279, although they could recover for the conversion of those goods under the second count if they proved that the entry was unlawful. Full and careful instructions were given not to duplicate the damages.

2. The difficulty with the defendant's third and fourth requests is that they assume that the defendant had a right to enter on the plaintiff's premises and take the goods covered by the mortgage. The right to possession under the mortgage did not give the defendant a right to enter the close of the plaintiffs who were not the mortgagors. *McLeod* v. *Jones*, 105 Mass. 403. *Bacon* v. *Hooker*, 177 Mass. 335. The evidence was conflicting as to there having been a license in fact, express or implied.

The fourth request was given except so far as it assumed that the defendant had a right to enter.

3. The only other ruling refused was the eighth, and that has not been argued.

There is no merit in any of the exceptions, and the entry must be

*Exceptions overruled, with double costs and twelve per cent interest.*