ALFRED P. SCIGLIANO *vs.* CHARLES B. PALMER.

Middlesex.     March 6, 1914.— May 21, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Conversion.   Mortgage,* Of personal property.   *Attachment.   Constable.   Officer.*

Certain personal property was subject to a mortgage which provided that the mortgagor until default might retain possession of it, that he should not suffer it to be attached on mesne process, and that, if he suffered such an attachment to be made, the mortgagee might take possession of the property and for that purpose, so far as the mortgagor could give authority therefor, might enter upon any premises where it was. While, with the consent of the mortgagee, the property was in the possession of one to whom the mortgagor had let it, it was attached by a constable in an action against the mortgagor and was removed and placed in the possession of a keeper. The attachment afterwards was released by the constable by order of the attorney for the plaintiff in that action, but the property was left in the possession of the keeper, although the mortgagee demanded that it be returned to the possession of the person to whom the mortgagor had let it. *Held,* that the mortgagee might maintain an action for conversion against the constable and might recover the full value of the property.

TORT for the conversion of one horse, one barrel wagon and one set of harness.   Writ in the Police Court of Somerville dated July 3, 1908.

On appeal to the Superior Court the case was tried before *Dana,* J.   It appeared that the property alleged to have been converted formerly had been owned by one Silva, who mortgaged it to the plaintiff, the mortgage providing, among other things, that until default the mortgagor might retain possession of the

mortgaged property, that he should not suffer it to be attached on mesne process and that, upon his default in the observance of that condition, the mortgagee might take possession of the property and for that purpose, so far as the mortgagor could give authority therefor, might enter upon any premises on which the property might be situated and remove it.

By permission of the mortgagee the mortgagor let the property to one Baker, and, while it was in his possession, it was attached by the defendant, a constable of the city of Somerville, by virtue of a writ of attachment in an action in which Silva was defendant, and was removed by him from the possession of Baker and placed in the custody of one Rockwood. Subsequently, by order of the attorney for the plaintiff in that action, the defendant released the attachment but left the property in the possession of Rockwood, subject to the order of Silva. Requests were made by the plaintiff that the property be returned to Baker's barn. No notice or statement in writing, containing a just and true account of the mortgage debt, ever was given to the defendant and no demand in writing ever was made upon him. The defendant did not waive such notice, statement or demand. The plaintiff never took or attempted to take possession of the property.

At the close of the evidence, the judge ordered a verdict for the defendant and reported the case for determination by this court under the following stipulation: "If, upon the facts here reported, the plaintiff had a right to recover substantial damages, judgment is to be entered for the plaintiff in the sum of $135; or if he is only entitled to recover nominal damages, judgment is to be entered for the plaintiff in the sum of $1; otherwise, judgment to be entered for the defendant on the verdict."

*J. R. McHugh*, for the plaintiff.

*W. J. Drew*, for the defendant.

BRALEY, J. By the express condition of the mortgage, which had been duly recorded, the attachment of the mortgaged property consisting of "one horse, one barrel wagon and one set of harness," in the action against the mortgagor entitled the mortgagee as between himself and the mortgagor to immediate possession for the breach. *Donahoe* v. *Gillon*, 167 Mass. 24. But the attachment having been valid, and no demand under R. L.

c. 167, § 69, having been made by the plaintiff on the attaching creditor or on the defendant as the attaching officer, the voluntary release of the attachment if followed by a delivery of the property to the mortgagor, or to the person to whom by consent of the mortgagee it had been let and in whose possession it was when attached, would have discharged the defendant from any liability. *Cousins* v. *O'Brien,* 188 Mass. 146, and cases cited. It appears, however, that after the dissolution the defendant, although requested by the plaintiff to return the property to the place from which it had been taken, left it subject to the order of the mortgagor or of the lessee in the control of the person he had appointed keeper. The plaintiff, although having the title with the right to foreclose when the attachment had been terminated, could not enter upon the premises of the keeper, who was neither the mortgagor nor the lessee, but the defendant's agent, and take and remove the property without committing a trespass. *Robinson* v. *Sprague,* 125 Mass. 582. *Donahoe* v. *Gillon,* 167 Mass. 24. *Munro* v. *Stowe,* 175 Mass. 169. *Kennedy* v. *Hoyt,* 197 Mass. 361. R. L. c. 167, § 43. And the present case is plainly distinguishable from cases where, the attachment being in force, the only remedy of the mortgagee, even if there has been a breach but he has not yet taken possession for the purpose of foreclosure, is to make a demand upon either the officer or attaching creditor with a just and true account of the amount of the indebtedness, which, if not complied with within ten days, dissolves the attachment. R. L. c. 167, §§ 69, 70. *Robinson* v. *Sprague,* 125 Mass. 582. *Wilson* v. *Crooker,* 145 Mass. 571. *Ashcroft* v. *Simmons,* 151 Mass. 497. *Hanly* v. *Davis,* 170 Mass. 517, 518.

The failure of the defendant to restore the property as requested amounted under the circumstances to an unlawful detention and conversion for which he is liable in damages measured by its fair market value. *Edmunds* v. *Hill,* 133 Mass. 445. *Raymond Syndicate* v. *Guttentag,* 177 Mass. 562. *Hanly* v. *Davis,* 166 Mass. 1. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 506.

Under the terms of the report judgment is to be entered for the plaintiff in the sum of $135.

*So ordered.*