Carr, J.
This is an action of tort for the conversion of a sectional steel garage building.
On the evidence reported and the disposition made by the trial judge of the plaintiff’s requests for rulings, it appears that the McLaughlin Oil Company occupied under lease from the defendant certain land owned by the defendant and that while this lease continued the plaintiff sold to the oil company by contract of conditional sale under which it retained title, the portable garage in question. The plaintiff was a manufacturer of portable steel buildings. It fabricated the parts of the garage on its own premises and on October 14, 1929 set the building up on the leased premises on piers previously sunk in the ground. The steel frames arid roof trrisses were set upon the piers and bolted together after which sides and roof of sheet steel were fastened to the framework by bendable nails. These nails could be bent by the fingers, thus enabling the sides and roof to be removed; the frame and trusses could be removed by unbolting. There was no evidence that the building was in any way fastened to the land.
The garage never became wrought into or affixed to the realty and never lost its identity as personal property (see plaintiff’s requests Nos. 1, 2, 3, 4).
The McLaughlin Oil Company’s lease was terminated by the defendant in 1932 by notice for failure to pay rent although there was evidence that the McLaughlin Co. was using the premises and the building up to December 23, 1935. The termination of the lease (surrender, as the court called it) did not change the title to the garage or the plain *336 tiff’s rights therein (as the court ruled on the plaintiff’s 4th request).
The defendant sold the garage on January 16, 1936 and this act gives rise to the issues now before us.
The trial judge denied the plaintiff’s fifth request that the sale of the garage by the defendant constituted a conversion and at the request of the defendant “found” that there was no evidence of any unlawful act of the defendant; ruled that there was no evidence that the defendant converted the property to its own use; ruled that the property having remained on the premises of the defendant for more than a year after the tenancy of the McLaughlin Oil Company was terminated, the defendant could lawfully (sell) it without liability to any one; ruled that after the expiration of a year from the termination of the tenancy of the McLaughlin Oil Co., the defendant was not liable for the disposition or care of the personal property left on the premises by the McLaughlin Oil Company (see defendant’s requests, la, lb, 4 and 5).
The theory on which the defendant is supposed to have acquired the right to dispose of the plaintiff’s personal property so far as revealed must be found in the rest of the rulings given at the defendant’s request. Thus the court ruled “2 — That the tenant of the premises has a reasonable time after the termination of his tenancy in which to remove personal property from the property of the landlord”. He allowed, “as to both law and fact”. “3— That, as a matter of law, the period of over a year is not a reasonable time ’ ’. And in disposing of lc which in effect was that at the time of the alleged conversion the plaintiff did not have the right of immediate possession, he stated,— “It had had a right it failed to exercise”. Thus the theory seems to be that because a reasonable time to remove the personal property after the expiration of the tenancy to McLaughlin Oil Co. had passed, the defendant could sell the *337 plaintiff’s property and the plaintiff had lost the right to possession which it previously had had.
The defendant in its argument supports this theory by contending that it had the right to sell the plaintiff’s property because the property had been abandoned and that the plaintiff did not have the immediate right of possession because to get its property it would have had to commit a trespass.
Two elements must concur in order that there may be an abandonment of property or of a right, — namely an intention to abandon and an act, or in some situations an omission to act, by which such intention is carried into effect. Personal property is abandoned by the owner’s relinquishing possession of it with intention to give up his property rights. It should be noted that a surrender to a particular person is not an abandonment; to be an abandonment there must be a relinquishment to the public generally (as a throwing away) so that the first person desiring tó take may acquire, cf. Pope v. Devereux, 5 Gray 409, 412. cf. French v. Braintree Mfg. Co., 23 Pick. 216, 221. 1 Corpus Juris Secundum, “Abandonment” and cases there collected.
Abandonment is more easily inferred in some situations than in others “ . . . Men may give what they deem valuable for a designated object, and to persons of their own choice, but they are not foolish enough to throw it upon the public.” Otherwise as to things of little value; — “Thus, manure belongs originally to the owner of an animal; but by leaving the manure in the road where it was dropped, he is presumed to have abandoned it; in which case the first taker has a right to appropriate the chattel himself. A similar rule would apply to old clothing, junk, ashes, slops, and the like, which the owner casts aside as worthless, for anything which one throws away, or leaves in such manner as to warrant an inference that he means to make no further claims thereto, comes under the rule of derelict or *338 abandoned property, which may be appropriated by the first taker.” II Schouler, Personal Property, 2nd Ed. § 8.
Where all facts are not established but evidence is to be weighed and inferences to be drawn, whether property is abandoned or not is a question of fact. Kansas City, Memphis etc. R. R. v. Wagand, 134 Ala. 388, 391, 392. Doherty v. Russell, 116 Me. 269. Kister Oil etc. Co. v. Young, 27 Fed. (2nd) 433. cf. Dyer v. Sanford, 9 Met. 395, 402.
In the case before us doubtless a finding of abandonment would be warranted but with evidence to be weighed and inferences to be drawn, it could not be held as matter of law that abandonment had been shown. The effect of the evidence that the plaintiff’s manager visited the McLaughlin Oil Co. at the premises forty or fifty times between the assembly of the building and December 1935 and on each occasion saw the building, must be determined, cf. Enfield Mfg. Co. v. Ward, 190 Mass. 314, 315, 316.
When the defendant says that the plaintiff did not have right to possession because to get the property it must commit a trespass it is confusing ability to take possession with right to possession. Whether a person may pursue his personal property upon the premises of another depends on how the property got there. It seems that a man may pursue his goods upon the premises of one who wrongfully takes them from him, or upon the premises of one who by implication has given the right to enter. But where goods are rightfully upon premises of another through act of a third person, the owner may not have the right to enter to take them. McLeod v. Jones, 105 Mass. 403.
If the goods come upon the premises of another without wrong on his part, the claimant may have to give him the opportunity of delivering them over by making demand, the refusal of which would be evidence of conversion. But it does not follow that the claimant has not the right to pos *339 session. Scigliano v. Palmer, 217 Mass. 555. Kennedy v. Hoyt, 197 Mass. 361.
It may be well to add here that no demand is necessary upon a person who without right exercises dominion over personal property, Marcotte v. Mass. Surety Corp., 250 Mass. 246, Greenall v. Hersum, 220 Mass. 278, and that a sale may be such dominion. Coles v. Clark, 3 Cush. 399. Lancaster v. Stanetsky, 221 Mass. 312, 314.
But although the ground on which the defendant argues that the plaintiff had no right to immediate possession is not valid, the question still arises as to whether the plaintiff had such right. The plaintiff was conditional vendor retaining title to this garage; the'conditional vendee was in possession; and there is nothing to show that the vendee did not have the right to continue in possession. The contract of sale is not in evidence. We do not know in what instances the vendor was entitled to retake possession. We do not even know the state of accounts between vendor and vendee. Plaintiff has not shown that anything was due under the contract nor in fact that all was not paid. The basis of trover is fundamentally an interference with possession. Holmes Common Law, p. 242. It is well established that unless,' as against his vendee, the conditional seller is entitled to immediate possession, he cannot maintain an action for conversion although he may maintain some other action of tort for injury to his reversionary rights. Newhall v. Kingsbury, 131 Mass. 44. Raymond Syndicate v. Guttenberg, 177 Mass. 562. Hodgkins v. Bowser, 195 Mass. 141, 146. Bacon v. George, 206 Mass. 566, 570.
Our difficulty in supporting the finding on the ground of abandonment is that we do not know that the court made such a finding. Prom his rulings it would appear that he considered that the defendant had the right to sell the plaintiff’s garage because the tenant, McLaughlin Oil 'Co., did *340 not remove it in a reasonable time. But that alone would not give the defendant the right to sell the tenant’s goods to say nothing of the goods of the plaintiff. (We are, of course, not referring to tenant’s fixtures.) Gardner v. Buckley & Scott, Inc., 280 Mass. 106, 110, 111, 113. Sacks v. McKane, 281 Mass. 11, 21. Standard Plumbing etc. Co. v. Gulesian, 1937 A. S. 611.
The way to get rid of tenant’s goods left over time on the premises is to remove and store them. Finnegan v. Hadley, 286 Mass. 345. And that would undoubtedly apply to goods of third persons left by the tenant. Treas. & Rec. Gen. v. Tremont Storage Warehouse Inc., 1937 A. S. 275, s. c.
Whether under a different view of the law the trial judge would have found abandonment we cannot surmise.
Our difficulty in resting the case on the ground that the plaintiff did not have the right to possession is.that on the evidence reported it is not shown that the plaintiff ever had the right to possession. The trial court, however, in disposing of defendant’s request lc stated that the plaintiff “had had a right it failed to exercise” from which we conclude that the plaintiff is supposed to have had the right to possession and to have lost it. This would be consistent with having the right to possession because of some default for which the conditional sales contract gave right of possession. cf. Treefull v. Mills, 234 Mass. 141, 143. cf. Arthur McArthur Co. v. Beals, 242 Mass. 449, and losing it by subsequent full performance by the vendee. But the other rulings given indicate that the plaintiff is supposed to have lost his right because the goods had been left by the tenant on the premises more than a reasonable time. Whether if the view of the law we have suggested had been taken, more evidence as to the relation of the vendor and vendee including the contract of sale would have been reported we do not know.
*341 We think that the rulings requested by the defendant whereby it tried to turn questions of fact into questions of law were misleading and led to error in disposing of those numbered la, lb, lc and 4 and 5. Consequently there must be a—
New Trial.