### JAMES DUGAN *vs.* DANIEL A. NICHOLS.

Essex.    November 8, 1878.    ENDICOTT & LORD, JJ., absent.

Testimony of an assignee in bankruptcy that he would not have given up to the
purchaser certain goods, sold by the bankrupt before the bankruptcy, but remain-
ing in his possession, even if demanded, unless ordered so to do by his counsel, will
warrant a jury in finding an unlawful detention of the goods such as will support
replevin against him.

REPLEVIN of 13 barrels of oil. Writ dated July 10, 1874.
After the former decision, reported *ante*, 43, the case was tried
in the Superior Court, before *Colburn*, J., who allowed a bill of
exceptions in substance as follows :

The plaintiff offered evidence tending to prove that he pur-
chased the oil of the firm of Shaw & Bruce, of which the defend-
ant was the assignee in bankruptcy, and paid for the same ; and
that the oil was, when purchased, in a shed belonging to the
firm, where it remained until it was replevied. The plaintiff
also offered evidence tending to prove a demand upon the de-
fendant before the date of the writ.

The defendant testified that he found the oil in question on
the premises of Shaw & Bruce ; that he never heard that the oil
belonged to the plaintiff, until the plaintiff told him so about a
week before the date of the writ: that the plaintiff never made
any demand upon him ; and upon cross-examination, in reply to
the question, "If you had understood Dugan demanded the oil,

should you have given it up?" answered, "I should not, unless my counsel had ordered me to." Upon reëxamination, he testified that he had no recollection that the question of what he might have done had ever entered his mind until he was asked the question as above.

The defendant requested the judge to rule that it was not a question of what the defendant now thought he might have done; that if the defendant's testimony was taken as true, it would not exempt the plaintiff from making a demand before bringing his action; and that there was no evidence of a conversion. The judge declined so to rule; but ruled that, if the jury believed the defendant's testimony, there was evidence upon which they might find a conversion. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. Sewall*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff, was not called upon.

BY THE COURT. The testimony of the defendant warranted the jury in finding an unlawful detention of the goods, which was all that was necessary to support replevin by the rightful owner. Gen. Sts. *c.* 143, § 10. *Whitman* v. *Merrill, ante,* 127.

*Exceptions overruled.*