## GENEVA WAGON COMPANY *vs.* IDA B. SMITH.

Suffolk.    March 7, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Conversion.    Sale*, Conditional.

If a mortgagor of a stock in trade includes in the description of the property in the mortgage certain chattels of which the title is in an unpaid vendor under a contract of conditional sale, and acting as agent of the mortgagee retains the key of the building containing the mortgaged property both before and after a

foreclosure sale of the property, this is a conversion by the mortgagee of the chattels wrongfully included and retained by his agent, for which the unpaid vendor may maintain an action of tort against him without a previous demand.

TORT for the alleged conversion of three Geneva wagons. Writ in the Municipal Court of the City of Boston, dated April 25, 1904.

On appeal to the Superior Court the case was tried before *Hardy*, J., without a jury. It appeared that the plaintiff sold the wagons to Peter H. Henderson and Walter E. Henderson, his son, copartners, doing business as P. H. Henderson and Son, under a contract in writing by which the plaintiff was to retain the title to the wagons until paid for in full, and that the wagons never had been paid for in full, that Walter E. Henderson withdrew from the firm, and that thereafter Peter H. Henderson borrowed money from the defendant, who was his daughter, and gave her a mortgage on all his stock in trade contained in certain buildings in which with other vehicles were the three wagons in question, the son at the request of his father joining in the mortgage, and that the defendant personally took no part in the transaction knowing nothing about such business affairs, but she testified that her father was acting for her in having the mortgage drawn and placed on record. The property was sold by foreclosure under the mortgage, the defendant's father retaining the key to the buildings after as well as before the sale.

The judge, against the objection of the defendant, made the following rulings at the request of the plaintiff: 1. On all the evidence the plaintiff is entitled to recover. 2. The title to the property alleged to have been converted never passed to the Hendersons or either of them, but remained in the plaintiff. 3. On the uncontroverted evidence in this case, and as a matter of law, the mortgage given by Henderson covered the property alleged to have been converted. 4. The act of Henderson in mortgaging the property alleged to have been converted gave the defendant no rights in the property as against the plaintiff. 5. The two Hendersons, father and son, were the agents of the defendant, and she is responsible in law for all acts committed in her behalf in the course of their agency. 6. The acts of the defendant, personally or through her agents, at and subsequent to the mortgagee's sale were acts of conversion. 7. No demand was necessary in this case before bringing action.

The judge found for the plaintiff in the sum of $190.40 ; and the defendant alleged exceptions.

*T. Spalding*, for the defendant.

*C. T. Cottrell*, for the plaintiff.

HAMMOND, J. The evidence warranted a finding that the title to the wagons was to remain in the plaintiff until paid for in money, and that they never were so paid for; and therefore that the title never passed to the Hendersons.

Upon the uncontradicted evidence the wagons were included in the mortgage. The language of the mortgage included them, and Henderson, both as mortgagor and as agent for the defendant, the mortgagee, intended that they should be included.

After the mortgage Henderson had the key to the building in which the wagons were kept, and the judge properly could find upon the evidence that he acted as agent for the defendant, so far as respected her supposed rights as mortgagee, and kept them for her under a claim of right inconsistent with the rights of the plaintiff. This was a tortious act on the part of the defendant, and no demand was necessary before bringing the suit. *Baker* v. *Lothrop*, 155 Mass. 376, and cases cited. We see no error in the rulings given by the judge.

*Exceptions overruled.*