THOMAS W. GREENALL *vs.* ERNEST L. HERSUM & another.

Suffolk.    November 19, 1914. — February 26, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Conversion.    Bankruptcy,* Disclaimer by trustee.

Where, at the trial of an action for the conversion of household goods, it appears that the plaintiff placed the goods with the defendant to be stored and when he did so stated to the defendant that he "had some domestic trouble with his wife" and instructed him "not to deliver the goods to any one but the plaintiff and particularly not to the plaintiff's wife," and that thereafter the defendant without the consent of the plaintiff delivered the goods to the plaintiff's wife, no proof by the plaintiff of a demand by him for the goods and of a refusal by the defendant to deliver them to him before the bringing of the action is necessary, and a verdict for the plaintiff is warranted.

If, at the trial of an action for the conversion of certain goods, it appears that before the conversion the plaintiff was adjudicated a bankrupt and a trustee in bankruptcy was appointed, and the evidence is closed without any evidence being introduced to show the position of the trustee in bankruptcy with regard to the action, and if thereupon the trial judge sends for the trustee in bankruptcy, who, after a consideration of the circumstances, files a disclaimer of all right, title and interest in and to the goods or their value, all objection to the plaintiff's right to maintain the action on account of the bankruptcy proceedings is removed.

TORT for the conversion of certain household goods and wearing apparel.   Writ dated June 25, 1913.

In the Superior Court the case was tried before *Lawton, J.*

There was evidence tending to show that on December 13, 1911, the plaintiff placed the goods in storage with the defendants, stating to them at the time that he "had some domestic

trouble with his wife," and instructing them "not to deliver the goods to any one but the plaintiff and particularly not to the plaintiff's wife."

It appeared that on November 5, 1912, the plaintiff was adjudicated a bankrupt, that on January 14, 1913, Lloyd Makepeace, Esquire, was appointed trustee in bankruptcy, and that on January 31, 1913, the defendants delivered the goods in storage to the plaintiff's wife.

In April, 1913, the plaintiff's wife obtained a divorce from him, and later she married again. She testified that the goods in question were her property.

At the close of the evidence the trial judge sent for the trustee in bankruptcy of the plaintiff's estate in order to ascertain what, if anything, the trustee wished to do in connection with the action. The trustee, after having been informed by counsel for the parties of the nature of the action and of the testimony, declined to become a party to the action and informed the trial judge that he might disclaim any interest in the goods or the right of action thereon. After consulting with the referee in bankruptcy, the trial having been suspended for that purpose, the trustee filed an instrument, disclaiming "any right, title or interest in or to the goods and chattels sued for in the . . . action or the value thereof."

The defendants asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On all the evidence the jury should be instructed to return a verdict for the defendants.

"3. Upon filing a petition in bankruptcy and an adjudication thereon, title and right to the possession of all the property then owned by the plaintiff vested in his trustee in bankruptcy except such property as is claimed by the plaintiff in his petition as exempt by law, and, as to such last named property, right of possession vested in such trustee and the plaintiff is not entitled to possession of such property unless and until it has been determined and set apart for the plaintiff by the trustee.

"4. The burden of proof is on the plaintiff to show such determination and setting apart to him by the trustee.

"5. The plaintiff cannot maintain this action without proof

of a demand by him on the defendants for the property alleged to have been converted and a refusal by them to deliver such property to him."

The rulings were refused. The jury returned a verdict for the plaintiff in the sum of $829.80; and the defendants alleged exceptions.

*J. H. Morson,* for the defendants.

*C. F. Eldredge,* for the plaintiff.

BRALEY, J. The jury would have been warranted in finding upon conflicting testimony that the defendants as bailees upon demand by the plaintiff failed to deliver the goods which they had received for storage because of a previous delivery to his wife, and as they further could find that she acted without his authority there was a conversion which ordinarily would entitle him to recover damages, and the fifth ruling requested could not have been given. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 506. *Wright & Colton Wire Cloth Co.* v. *Warren,* 177 Mass. 283.

But, the plaintiff having been adjudged a bankrupt after the bailment, and no reconveyance having been made by the trustee before the action was begun, the defendants contend that the plaintiff failed to show any right to immediate possession, and that the first, second, third and fourth requests should have been given. *Raymond Syndicate* v. *Guttentag,* 177 Mass. 562. *Hodgkins* v. *Bowser,* 195 Mass. 141. U. S. St. of 1898, c. 541, § 70. It is, however, settled that the trustee is not obliged to accept title to property if in his opinion it is worthless, and he well might have concluded that any assertion of ownership meant a lawsuit, the outcome of which was so uncertain that the estate ought not to be put to the expense of fruitless litigation. *Dushane* v. *Beall,* 161 U. S. 513, 515. If he had expressly renounced title or declined to claim the goods before the action, the election would have been sufficient to show that the plaintiff was entitled to possession. *Mayhew* v. *Pentecost,* 129 Mass. 332. But, as the trustee's assent may be shown as well after as before suit, his disclaimer, filed and allowed during the trial and before the verdict, removed the objection. *Herring* v. *Downing,* 146 Mass. 10.

It moreover is plain that the judgment will bar further suits

for the same cause of action. *Stone* v. *Jenkins,* 176 Mass. 544, 545, 546.

We are accordingly of opinion that these rulings were rightly refused and the exceptions should be overruled.

*So ordered.*