THEODORE P. LANCASTER *vs.* ABRAHAM STANETSKY & trustee.

Suffolk. March 4, 1915. — May 22, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Findings of trial judge.

A judge before whom a case is tried without a jury has a right to disregard the evidence of one of the parties and to believe the testimony to the contrary on the other side, and his doing this is not an error of law.

TORT for the alleged conversion of a machine called a "racing machine" of the alleged value of $650. Writ in the Municipal Court of the City of Boston dated February 17, 1913.

On removal to the Superior Court the case was tried before *Ratigan,* J., without a jury. The plaintiff testified "that the purpose of the machine was to reproduce a motor bicycle race upon the stage."

There was evidence for the plaintiff that for about two years

previous to October, 1912, the machine was stored on the premises of the Symonds and Poor Carbonator Company on Washington Street in Boston; that the International Trust Company held a mortgage on the property of the carbonator company, which it foreclosed by an auction sale of all the property of that company on October 7, 1912, to one O'Brien; that on October 8, 1912, O'Brien sold the property he had purchased to the defendant, who thereupon called at the premises and obtained the keys; that the plaintiff then told the defendant of his machine, how it was packed and marked and the place on the premises where it was stored; that the defendant assured the plaintiff that the machine would be all right there for the rest of the month; that there was other property on the premises belonging to third persons and, like the plaintiff's machine, not included in the mortgage; that on October 22, 1912, the defendant sold at auction parts of the plaintiff's machine together with parts of the property that the defendant had purchased from O'Brien; that on that same day before the sale the defendant had been told that the machine belonged to the plaintiff and that the defendant had no right to sell it; but that he sold parts of it as above stated and took another portion of it to his own store; and that on the following day all the parts of the plaintiff's machine had disappeared.

The defendant testified that he had nothing to do with closing up the place; that when he left, after the auction, there were about thirty or forty barrels of rubbish there, and that he had nothing to do with the moving of it; that he never moved any machine or sold any machine like the racing machine or any parts of it; and that he never received anything from the plaintiff for taking care of any machine. He also contradicted other portions of the plaintiff's evidence.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. That on all the evidence there has not been shown a tortious taking of the racing machine by the defendant.

"2. That on all the evidence no demand for and refusal to deliver up the racing machine had been shown.

"3. That there is no evidence to show that the defendant ever had possession of the racing machine or that the defendant ever had it in his power to deliver the racing machine.

"4. That on all the evidence the plaintiff is not entitled to maintain this action."

The judge refused to make any of these rulings and found for the plaintiff in the sum of $674.12. The defendant alleged exceptions.

*W. A. Buie,* (*A. M. Burroughs* with him,) for the defendant.

*G. A. Sanders,* for the plaintiff.

BRALEY, J. The judge before whom the case was tried without a jury having found for the plaintiff, the only questions are whether the evidence as matter of law warranted the finding, and if so, whether any of the defendant's requests for rulings should have been given. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89.

The exceptions purport to recite at length all the material evidence. It is conflicting. But the credibility of the witnesses and the weight to be given to their testimony were for the presiding judge. A detailed recapitulation is unnecessary. It is sufficient to say that if the evidence introduced by the plaintiff was believed, the racing machine had been stored on the premises of the carbonator company where it remained at the time of the foreclosure of the mortgage. It is of course plain, that, the purchaser at the sale having acquired no title to the machine, the defendant, who subsequently bought from the purchaser, acquired none. And, if the defendant although acting in good faith thereafter exercised dominion over the plaintiff's property, no demand was necessary before bringing an action for conversion. *Gilmore* v. *Newton,* 9 Allen, 171. *Greenall* v. *Hersum,* 220 Mass. 278. The judge could find, that when the defendant took possession of the premises he knew that the machine belonged to the plaintiff, by whom he was notified how it was packed and marked as well as of the place where it was stored. Its subsequent sale either in whole or in part by the defendant, when he disposed by auction of the goods and chattels purchased, was a conversion. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 506.

It is true, as the defendant contends, that to reach this conclusion the judge must have disregarded the defendant's evidence, but this is not an error of law.

The requests therefore properly were refused and the exceptions must be overruled.

*So ordered.*