LAWYERS MORTGAGE INVESTMENT CORPORATION OF BOSTON *vs.* PARAMOUNT LAUNDRIES INC., & another.

SAME *vs.* PARAMOUNT LAUNDRIES INC., & others.

SAME *vs.* PARAMOUNT LAUNDRIES INC., & others.

Suffolk.   April 8, 1932. — May 20, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Equity Pleading and Practice,* Master: findings, report. *Real or Personal Property. Mortgage,* Of real estate. *Sale,* Conditional.

Although it is no part of the duty of a master hearing a suit in equity under a rule in the usual form to rule on the question, whether the facts found by him establish the liability of a party, if he makes such a ruling and the judge who thereafter hears the suit makes the same ruling, this court should consider the ruling of the master on the basis that it has been adopted by the judge.

Where it was agreed by the parties to a suit in equity that a trial judge might interrogate a master, to whom the suit had been referred, on the question, whether he had reported all the facts supporting his ultimate conclusion, and from such interrogation it appeared that the master had reported all the facts, including all that he had observed upon a view, necessary to a decision of the principal questions involved in the suit, it was open to the judge, and to this court upon a report by him, to determine such principal questions from the findings and inferences drawn therefrom.

Findings, in a suit in equity by one, who had purchased land at a foreclosure sale under a mortgage thereof, against one who had sold to the owner of the land certain laundry machinery on conditional sale previous to the execution of the mortgage, that the machinery was installed in a building on the land in such a manner that it could be removed without injury to itself or to the building; that the machinery was not specially adapted to use in said building, but could be used in other laundries; that the building was adaptable for use in other kinds of business; that the plaintiff was not led to believe that the machinery was a part of the land and covered by the mortgage; and that neither the defendant nor the owner of the land intended that the machinery should become part of the land, war-

ranted a conclusion that the machinery remained personalty; and, the owner of the land, the vendee of the machinery, having defaulted on the contract of conditional sale, the defendant was entitled to the machinery as against the plaintiff.

THREE BILLS IN EQUITY, filed in the Superior Court on January 7, 1931, January 20, 1931, and February 13, 1931, the second and third bills subsequently being amended, described in the opinion.

The suits were referred to a master. Material facts found by the master, proceedings with reference to his report before *Weed,* J., and decrees ordered by the judge are described in the opinion. The judge thereupon reported the suits for determination by this court.

*M. H. Sullivan,* (*J. F. Sullivan* with him,) for the plaintiff.

*C. P. Houston,* for the defendant Troy Laundry Machinery Company, Inc.

*A. Brayton,* for the defendant Braun.

*F. J. Muldoon,* for the defendants Mahoney and another, submitted a brief.

SANDERSON, J. These are three bills in equity seeking to establish the plaintiff's title to certain laundry machinery, all of which was sold on conditional sales contracts, a part by the Troy Laundry Machinery Company, Inc., herein called the Troy Company, a part by the defendants Poland and Mahoney, and a part by the defendant Samuel G. Braun.

The cases were referred to a master who found that the machinery was installed in the premises of the defendant Paramount Laundries Inc., herein called the Paramount Company; that the plaintiff was the holder by assignment of a mortgage on its land and buildings and now is in possession as purchaser at foreclosure sale of the mortgage; that no reference to machinery was made in the mortgage; that a laundry business had been conducted on a part of the premises in a building which was torn down; that in 1927 a brick and concrete building was erected on the laundry location and adjoining land; that this building was constructed as a whole, the portion in the rear to be used for a laundry and that in front for stores, offices and a

garage; that a boiler or engine room is located in the basement of the building in which was installed a boiler furnishing heat, steam and hot water for both the laundry and the garage, and also steam power to operate a generator located in the boiler room which in turn generated electricity used in the operation of the machinery in the laundry building; that the plaintiff did not know of the conditional sales contracts until after the foreclosure sale; that most of the machinery was completely installed in the premises prior to the execution of the mortgage to the plaintiff's predecessor in title; and that the machinery is of various kinds such as is used in laundries.

At the hearing on the plaintiff's motion in each case to recommit the report and the defendants' motion to confirm, a question arose whether the master had reported all facts upon which he relied in making his finding to the effect that the machinery, the title to which was involved in the suits, was personal property, and the parties agreed that the master might be interrogated by the trial judge in their presence concerning that matter. The master being summoned stated in response to the inquiry, "I think I stated in the reports all the facts which I thought were material and on which my decision would be based. I think, also, that I referred to the fact in each instance, in each case, that I had visited the premises and taken a view. With regard to that view, I cannot say I would be able to stress any one particular thing, excepting the general reaction I might get from it, but I say in these reports that I have all the facts that I thought material and pertinent and essential to come to a final conclusion." THE JUDGE: "I understand you also to say, so far as you can now recall, you have stated in your report all that you observed in your view of the premises." THE MASTER: "In other words, I could not add anything, so far as I can see, to the report as I made it." The parties thereupon agreed that the answers made by the master should be treated as though incorporated in the report itself.

In the Troy case by the terms of the order for interlocutory decrees the machinery was declared to be personal

property and the Troy Company to be entitled to its possession with the right to remove the same from the premises and also entitled to recover from the plaintiff the damages suffered by it by reason of the plaintiff's detention of the property; and it was further ordered that the case be recommitted to the master to determine the amount of damages, if any. The case was reported to this court upon the pleadings, the motions to recommit and to confirm the report, the defendants' motion for final decree and the order for interlocutory decrees.

The suit against Braun relates to certain air presses and a "Double Sleever," and the trial judge entered an order for interlocutory decrees similar to that in the suit relating to the machinery sold by the Troy Company, and reported the case on similar terms. The suit against Poland and Mahoney related to washing machines and the trial judge entered a like order for an interlocutory decree confirming the report and for a final decree establishing the amount of damages sustained, and that case was also reported.

The first contention of the plaintiff is that under the rule to the master requiring him to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party might request he went outside the scope of his duty in deciding that the machines in question are personal property and for that reason this finding should be disregarded. Under a rule in this form it is no part of the master's duty to pass upon the question of law whether on the facts found by him the liability of the defendants was established, but if the master makes such ruling and it has been confirmed by an order of the trial judge the ruling is taken to have been adopted as a ruling by the judge and will be considered by this court for that reason. *Cook* v. *Scheffreen,* 215 Mass. 444, 449. The trial judge has reached the same conclusion as the master, namely, that the machinery is personal property. The statements of the master to the trial judge make it clear that his report in each case contains all findings necessary for the decision of the principal questions, and it was open to the trial judge and is open to this court

to determine from the findings and inferences drawn therefrom the principal questions in the case. *Fleming* v. *Cohen,* 186 Mass. 323, 325.

The issue whether the machinery became a part of the realty and passed to the plaintiff under its mortgage was a mixed question of law and fact. The machinery was of such a character that the intention with which it was installed upon and attached to the real estate becomes an important if not the controlling factor. *Stone* v. *Livingston,* 222 Mass. 192, 195. Among the findings of the master relating to the machinery in the Troy case may be found the following: Much of the machinery in which the Troy Company is interested was fastened to the floor by lag screws or bolts but solely for the purpose of steadying the machinery and for its more convenient use; and there are pipe connections for the purpose of conveying to the machines hot water, steam or electricity. Four of the machines set on legs in a cement trench so constructed as to drain water into the sewer. The machines vary in weight from one hundred fifty to twenty-four thousand pounds. Each item could be removed from the premises without damage to the machinery or the structure upon which or in which it is placed. The expectancy of life of the machinery was much shorter than that of the building or the use of any part of it for a laundry. Each item of machinery was sold from stock and none was made specially for use in this particular building. Each item was equally adaptable for use in other laundries. All the items were sold under a conditional contract of sale by which the title was to remain in the Troy Company until payment in full had been made for the same. None of the items of machinery had lost its identity in being affixed to the building. There are six driven wells on the premises which were used to pump water into a water softener in the boiler room, but these were discontinued before the entry to foreclose the mortgage. Default has been made in the payment of instalments on the conditional contract of sale. The building as a whole and the part occupied by the laundry are adaptable to use for other types of business. The plaintiff was

not led to believe that the machinery was a part of the real estate and included in the mortgage security. The master found that neither the conditional vendor nor the vendee intended that the machinery involved should become part of the real estate.

The subsidiary facts found are not so inconsistent with the general conclusions reached by the master that we can say that his general conclusions are wrong. See *Hubbell* v. *East Cambridge Five Cents Savings Bank*, 132 Mass. 447, 448; *Maguire* v. *Park*, 140 Mass. 21; *Southbridge Savings Bank* v. *Mason*, 147 Mass. 500; *Commercial Credit Corp.* v. *Gould*, 275 Mass. 48, 52–53. The findings of fact by the master in the case at bar distinguish it from the cases cited in the plaintiff's brief. The findings of fact in the suit against Braun and in the suit against Poland and Mahoney, the details of which need not further be considered, require the same conclusion as that reached in the suit against the Troy Company. The entries must be, interlocutory decree and order for final decree in the case against Poland and Mahoney affirmed and in the other two cases orders for interlocutory decrees affirmed.

*Ordered accordingly.*