LAWYERS MORTGAGE INVESTMENT CORPORATION OF BOSTON
*vs.* PARAMOUNT LAUNDRIES INC. & another.

SAME *vs.* PARAMOUNT LAUNDRIES INC. & others.

Suffolk.   January 8, June 25, 1934. — July 2, 1934.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Conversion. Damages*, For tort. *Equity Jurisdiction*, To enforce bond.
*Bond*, To dissolve injunction.

Where a mortgagee of real estate, in making entry to foreclose his mort-
gage, not only took possession of a building which was a part of the
real estate but also without right claimed that certain machinery
therein was a part of the realty, thereafter held the machinery for a
period of about eighteen months as mortgagee in possession and as
purchaser at a sale in foreclosure of the mortgage, always considered
the machinery as his own and, if demand had been made by the right-
ful owner, would have refused to give it up, he converted such ma-
chinery.

Where the machinery which had been converted as above described was
returned to the owner thereof after eighteen months, the owner was
entitled to damages for his loss of the use of the machinery during the
period of unlawful detention and, if its value had decreased, to the
difference between its values at the date of conversion and at the date
of return.

A defendant in a suit in equity involving the title to certain personal
property in the possession of the plaintiff, by counterclaim sought pos-
session of the property and obtained an injunction *pendente lite* against
the plaintiff, who thereupon gave a bond to dissolve the injunction,
which contained a condition in substance that, "in the event of" the
defendant "prevailing in said proceedings," and the plaintiff among
other things reimbursing the defendant "for such reasonable counsel
fees as the court may fix as necessarily incurred by said defendant in
defending against said proceedings to final decision," the bond would
become of no effect. The decree was for the defendant, but contained
no award to him of counsel fees, and he appealed from the decree.
*Held*, that it was a proper exercise of discretion for the judge to leave
the defendant to his remedy at law upon the bond.

TWO BILLS IN EQUITY, filed in the Superior Court on
January 7 and January 20, 1931, the second bill subsequently
being amended, described in the opinion.

The suits previously were before this court on a report of

interlocutory matters, when the decision was rendered which is reported in 279 Mass. 314. Further proceedings after rescript are described in the opinion. The counterclaim of the defendants sought establishment of their title to the machinery in question. The bond referred to was given by the plaintiff to dissolve an injunction *pendente lite* issued on the counterclaim of the defendant Braun. The condition of the bond read as follows: "Now therefore, if the said Lawyers Mortgage Investment Corporation of Boston, its successors and assigns in the event of said Braun prevailing in said proceedings shall. at all times hereafter well and truly indemnify and save harmless the said Samuel G. Braun, his heirs, executors and administrators of and from all damage and injuries resulting to said machinery caused by the negligence of said Lawyers Mortgage Investment Corporation of Boston while in its possession in accordance with said restraining order, and shall reimburse said defendant Samuel G. Braun for such reasonable counsel fees as the court may fix as necessarily incurred by said defendant in defending against said proceedings to final decision. Then the above obligation shall be void, otherwise it shall remain in full force and effect."

The foreclosure sale described in the opinion occurred on January 14, 1931. Other material facts are stated in the opinion. From decrees entered by order of *Weed*, J., and described in the opinion, the plaintiff and the defendant Braun appealed.

*M. H. Sullivan*, (*James F. Sullivan* with him,) for the plaintiff.

*C. P. Houston*, for the defendant Troy Laundry Machinery Company, Inc.

*A. Brayton*, for the defendant Samuel G. Braun.

LUMMUS, J. These are bills in equity to establish the plaintiff's title to certain laundry machinery, all of which was sold on conditional sale contracts, a part by the defendant Troy Laundry Machinery Company, Inc., and a part by the defendant Samuel G. Braun. The machinery was installed in the building of the defendant Paramount Laundries Inc., the purchaser. The plaintiff was the holder by assignment

of a mortgage covering the building, and purchased the mortgaged premises at foreclosure sale. The defendants by counterclaim seek affirmative relief.

This court, on a report of interlocutory matters (*Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 279 Mass. 314), affirmed orders for interlocutory decrees declaring that the machinery was personalty, the property of the several defendants. The two cases now before this court are those in which the prevailing parties are Troy Laundry Machinery Company, Inc., and Samuel G. Braun, respectively. The interlocutory decrees, entered after rescript in the several cases, adjudged that the items of machinery in question in the several cases "are personal property" and that the defendant named "is entitled to the immediate possession of the same and to remove the same from the plaintiff's premises in or within twenty days from the entry of this decree," and referred the several cases to a master "to determine the amount of damages, if any, suffered by" the defendant named "by reason of the plaintiff's detention of said property, the damage found, if any, to be paid by the plaintiff to said defendant."

The master found that the plaintiff began to detain the machinery on November 26, 1930, when it made an entry for the purpose of foreclosing its mortgage on the real estate, and continued to detain the machinery until June 13, 1932, when the interlocutory decrees after rescript were entered and it became settled that the machinery belonged to the defendants. After that date the defendants were free to remove the machinery, and did so on June 28, 1932.

Upon confirmation of the master's report, the judge awarded as damages to the defendant Troy Laundry Machinery Company, Inc., interest on the value of its machinery from November 26, 1930, to June 13, 1932, and depreciation occurring during that period, amounting in all to $6,358.07, with interest from June 13, 1932, and costs. At the same time, the judge awarded as damages to the defendant Braun the value of the use of his machinery from November 26, 1930, to June 13, 1932, and depreciation occurring during that period, amounting in all to $3,033.36,

with interest from June 13, 1932, and costs. The interest on the value of the machinery, allowed in the case first mentioned, was allowed as the value of its use of which the defendant had been deprived. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 606. The plaintiff appealed in each case from the interlocutory decree overruling certain of its exceptions to the master's report and confirming the report, and also from the final decree. The defendant Braun appealed from the final decree because it failed to award to him his attorney's fees under the terms of an injunction bond given him by the plaintiff (*Weinberg* v. *Goldstein,* 241 Mass. 259), conditioned among other things upon reimbursing Braun "for such reasonable counsel fees as the court may fix as necessarily incurred by said defendant in defending against said proceedings to final decision."

The main question is whether there was a conversion of the machinery by the plaintiff on November 26, 1930. The master finds that on that day the plaintiff took possession of the machinery, but so far as appears it did so only by taking possession of the building in which the machinery was situated. Since the plaintiff had a right to have the exclusive possession of the building, and to keep it locked for safety, its possession did not of itself constitute a conversion of the machinery. *Poor* v. *Oakman,* 104 Mass. 309, 318. *Delano* v. *Curtis,* 7 Allen, 470, 473. *Spooner* v. *Manchester,* 133 Mass. 270, 273. Compare, on the facts, *Jean* v. *Cawley,* 218 Mass. 271. But the master finds further "that the plaintiff at the time claimed the machinery was part of the realty and intended to hold it as such" and "until June 13, 1932, always considered said machinery to be its own and if demand were made by the defendant would have refused to give it up." The finding is in substance that the plaintiff, being in possession of machinery to which the defendants had not only the title but also the right of immediate possession (*Marder* v. *Moose Hill Spring Tonic Co.* 286 Mass. 126, 131), claimed dominion over it as against the defendants. This constituted a conversion. The wrongful claim of dominion need not be manifested openly or by any physical act. That it exists,

is enough. *Dugan* v. *Nichols*, 125 Mass. 576. *Wood* v. *McDonald*, 66 Cal. 546. See also *Robinson* v. *Way*, 163 Mass. 212; *Geneva Wagon Co.* v. *Smith*, 188 Mass. 202; *O'Brien* v. *McSherry*, 222 Mass. 147. "Demand and refusal are never necessary, except·as furnishing evidence of an unlawful taking or detention against the rights of the true owner, in an action of replevin, or of an unlawful conversion, in an action of trover. When the circumstances, without these, are sufficient to prove such taking or detention, they are superfluous." *Edmunds* v. *Hill*, 133 Mass. 445, 446, 447. *Greenall* v. *Hersum*, 220 Mass. 278. *Koski* v. *Haskins*, 236 Mass. 346, 349. *Marcotte* v. *Massachusetts Security Corp.* 250 Mass. 246, 250.

The true owner is not bound to accept a return of converted goods (*Dahill* v. *Booker*, 140 Mass. 308, 310; *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 584), but is entitled as damages to the value of the goods at the time of the conversion. *Cutting* v. *Grand Trunk Railway*, 13 Allen, 381, 388. *Hall* v. *Paine*, 224 Mass. 62. *Jackson* v. *Innes*, 231 Mass. 558, 560. *Koski* v. *Haskins*, 236 Mass. 346, 349. Upon satisfaction of the damages, the title to the goods passes to the wrongdoer. *Miller* v. *Hyde*, 161 Mass. 472. If the owner has not retaken the goods, he is entitled also to interest upon the value, to compensate him for the delay in obtaining redress. *Hunt* v. *Boston*, 183 Mass. 303, 307. See also *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 606, and cases cited; *Funkhouser* v. *J. B. Preston Co. Inc.* 290 U. S. 163. If the owner has retaken the goods, the damages are likewise based upon the value at the time of conversion; but in mitigation of those damages the wrongdoer is entitled to credit for the value of the goods at the time of the return, though he is chargeable with the value of the use of which the owner has been deprived during the period of wrongful detention. *Jackson* v. *Innes*, 231 Mass. 558. See also *Antokol* v. *Barber*, 248 Mass. 393, 396; *Malden Center Garage, Inc.* v. *Berkowitz*, 269 Mass. 303, 307; *Corsiglia* v. *French*, 284 Mass. 211. One who converts goods to his own use becomes responsible for them, and any depreciation or loss, though occurring

without his fault, falls upon him. *Spooner* v. *Manchester,* 133 Mass. 270. The judge rightly assessed the damages of the defendants according to these principles. This disposes of all the exceptions of the plaintiff to the master's report.

The appeal of the defendant Braun from the denial of counsel fees as damages for breach of the injunction bond, is not well taken. Even if a court of equity has power to enter a decree for damages for breach of an injunction bond in an ancillary summary proceeding in the very suit in which the bond was given (*Pease* v. *Rathbun-Jones Engineering Co.* 243 U. S. 273, 279; *Leslie* v. *Brown,* 90 Fed. Rep. 171; *West* v. *East Coast Cedar Co.* 113 Fed. Rep. 742), it is not bound to exercise that power, but in its discretion may remit the obligee to his remedy at law. *Baker & Bennett Co.* v. *N. D. Cass Co.* 224 Fed. Rep. 439. *United Motors Service, Inc.* v. *Tropic-Aire, Inc.* 57 Fed. Rep. (2d) 479.

In each case the interlocutory decree is affirmed, and the final decree is affirmed with costs.

*Ordered accordingly.*