Carr, J.
This is an action of tort for the conversion of a coin-operated weighing scale.
Conversion may be proved by showing wrongful exercise of dominion over personal property, Marcotte v. Mass. Surety Corp., 250 Mass. 246, 250, Lancaster v. Stenetsky, 221 Mass. 312, 314, Greenall v. Hersum, 220 Mass. 278, 280, Baker v. Lothrop, 155 Mass. 376, 378, or by showing wrongful detention of it. Dugan v. Nichols, 125 Mass. 576. Where the personal property comes into the defendant’s possession without wrong on his part, and he does no act in derogation of the plaintiff’s rights therein, the claimant must put him in the wrong by making demand for the property. Hellier v. Achorn, 255 Mass. 273, 284, 285. When demand and refusal are relied upon as evidence of conversion, it must appear that at the time of demand and refusal the defendant had control of the property so as to be able to comply with the demand. DeYoung v. Andrews Co., 214 Mass. 47.
*313 There is nothing in the report to show that the defendant wrongfully exercised dominion over the scale. It was on the premises when the former owner of store and business sold them to him. The scale was left in the store but it does not appear that it was included in the deal. Moving it into the back room when it got out of order obviously was not an act of dominion. When the unknown person who acted as though he represented the oymer took the scale away, it does not appear that the defendant did anything. At most he suffered this person to take the scale away. Polley v. Lenox Iron Works, 2 Allen 182, 184. Whether or not the defendant was negligent in not guarding the scale is not important in an action of conversion. Bowlin v. Nye, 10 Cush. 416, cf. Bowers Conversion, Sec. 317.
The plaintiff’s demand for the scale does not help his action for conversion for at the time of demand the scale was beyond the defendant’s control.
Consequently there was no error in denying the plaintiff’s three requests for rulings.
Report dismissed.